The Memorandum Decision and Order below is hereby signed.  Dated: July 14, 2008.



```
_____
        S. Martin Teel, Jr.
     United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
|   KEVIN O. HANLEY, | ) | Case No. 08-00123 |
| | ) | (Chapter 13) |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BRANCH BANKING AND TRUST | ) | |
| COMPANY, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
|         v. | ) | 08-10013 |
| | ) | |
| KEVIN O. HANLEY, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
|         Defendant. | ) | |

MEMORANDUM DECISION AND ORDER
<u>GRANTING MOTION TO VACATE DEFAULT JUDGMENT</u>

    The answer in this adversary proceeding was required to be filed by June 16, 2008.  A scheduling conference was set for July 16, 2008.  As of June 18, 2008, the plaintiff's attorneys had not been contacted by the defendant or his attorney, and they filed a motion for default judgment.  Because the defendant had made no appearance, even by way of informal contact with the plaintiff's attorney, it was appropriate for the plaintiff to seek entry of

default judgment without opportunity for a response by the defendant.  By an order entered on June 23, 2008, the court granted the motion for default judgment.  On June 27, 2008, the defendant filed his motion to vacate the default judgment.  Having considered the defendant's motion and the opposition to the motion, the court will grant the motion with conditions.

I

As stated in Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966):

> The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful.

[Footnote omitted.]

The plaintiff opposes the defendant's motion on the basis that the motion fails to set out a meritorious defense.  In relevant part, the complaint sought a determination that the debt that the debtor owes the plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (B).  In paragraphs 21 through 29 of the complaint, the plaintiff identifies nine alleged misrepresentations made by the defendant in connection with his obtaining a loan from the plaintiff for the purchase of certain real property in a development known as Village of Penland.  Specifically, the defendant allegedly did not actually provide the $25,000 deposit that was reflected on the closing statement

2

regarding the purchase of the real property; did not intend to maintain an ownership interest in the property; did not consider himself to be the owner of the property; never intended to make any payments to the plaintiff or to repay the loan from the plaintiff; and failed to disclose that:

- he had entered into an agreement with a third party whereby that third party was to have all rights of ownership in the property;
- the third party had agreed to pay the defendant a fee for acquiring financing from the plaintiff;
- his application for a loan was submitted to various banks at the same time;
- he had contracted to purchase other property in North Carolina, and he had incurred or was about to incur additional liabilities relating to the purchase of the undisclosed real property; and
- based upon his true finances, he was unable to repay the loan.

The defendant's verified answer to the complaint is attached to his motion, and denies these allegations of misrepresentations. In an affidavit accompanying the motion, the defendant acknowledges that the loan payments were to be made by Peerless Real Estate Services instead of by him, and states:

> I deny that the financial statement I submitted to [the plaintiff] was inaccurate or misleading and deny that I

> ever represented to [the plaintiff] that I would personally be making the down payment, or that I would be making the mortgage payments from my funds. Bryan Drum [a representative of the plaintiff] advised me on more than one occasion that he was aware of the details of the Village of Penland investments, how they were structured and the source of the loan payments.

Affidavit, at par. 3. The defendant's answer further denies that he intended to deceive the plaintiff, and denies that the plaintiff relied upon his representations.

The defendant's motion does not specifically discuss the defendant's alleged failure to disclose that almost simultaneously he was receiving a loan from another bank with respect to a contract to purchase another real estate property, but the defendant's answer denies the allegations of the complaint in that regard. Moreover, the defendant's answer pleads an adequate defense, at a minimum, by denying that he intended to deceive, and that is an issue upon which the defendant is entitled to a trial on the merits even if there was a failure to disclose the other loan transaction. As in <u>Thorpe v. Thorpe</u>, 364 F.2d at 694 n.4, this is not "a case where the movant alleges a defense but the court concludes that the defense is lacking in substance in view of facts as to which there is no genuine issue. Compare Rule 56, Fed.R.Civ.P."

The plaintiff challenges the defendant's credibility by pointing to false statements on his schedules and his statement of financial affairs. But credibility issues are for trial.

4

II

Because no scheduling conference has been held, the plaintiff has incurred costs and attorney's fees only with respect to the issue of default.  Under Thorpe v. Thorpe, 364 F.2d at 694, the court may impose reasonable conditions on vacating a default judgment, including requiring that the defendant reimburse the plaintiff for attorney's fees and costs incurred because of the default.  The court will require the defendant to reimburse the plaintiff for his reasonable attorney's fees and costs incurred in preparing the motion for default judgment and for responding to the motion to vacate.

Part of the opposition to the motion to vacate, specifically the effort to cast the defendant's credibility in a bad light, was not germane to responding to the motion to vacate, and appears to have been an effort to "poison the well" against the defendant in any future trial in this adversary proceeding.  The plaintiff's attorney's fees in opposing the motion to vacate ought to be adjusted accordingly.

The court will attempt to fix the amount of attorney's fees and costs at the scheduling conference by way of discussion with counsel, and if that proves not feasible, by way of a further order for a submission of a statement of fees and costs, with an opportunity for the defendant to challenge the same.

5

III

Pursuant to the foregoing, it is

ORDERED that the Judgment Declaring Debt Owed to Plaintiff Nondischargeable, entered on June 23, 2008, is VACATED. It is further

ORDERED that the defendant is granted leave by July 24, 2008, to file his Verified Answer to Complaint to Determine Nondischargeability of Debt that was lodged with the motion to vacate. It is further

ORDERED that the granting of the motion to vacate is conditioned on the defendant (or his attorney) paying the reasonable attorney's fees and costs of the plaintiff arising from the defendant allowing a default judgment to be entered. It is further

ORDERED that the scheduling conference in this adversary proceeding shall be held as previously scheduled on July 16, 2008 at 9:30 a.m.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.